IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINA DUNN** | CIVIL ACTION NO. 10-1662 |
| and | |
| **PATRICE MACHIKAS** | |
| **Plaintiffs** | |
| v. | |
| **CONDOR AUTOMOTIVE GROUP, LLC,** et al. | |
| **Defendants** | |

### PLAINTIFFS' MOTION FOR SPOLIATION INFERENCE

Plaintiffs, Regina Dunn and Patrice Machikas, by and through their undersigned attorneys, move this Honorable Court to enter an Order in the form attached hereto to give a spoliation inference to the jury regarding Defendants' destruction of relevant evidence in this matter, and to include Plaintiffs' Proposed Jury Instruction No. 19, which is being filed on April 9, 2012 pursuant to this Court's Scheduling Order as part of Plaintiffs' Proposed Jury Instructions – Not Agreed to by Defendants as a point for charge to the jury in this matter (which is attached hereto as Ex. "A").

In support of this Motion, Plaintiffs rely upon the accompanying Memorandum of Law, which is incorporated herein by reference.

Respectfully submitted,

**CONSOLE LAW OFFICES LLC**

Dated: April 9, 2012            BY:   s/Caren N. Gurmankin
                                      Caren N. Gurmankin, Esquire
                                      Laura C. Mattiacci, Esquire
                                      1525 Locust Street, 9th Floor
                                      Philadelphia, PA 19102
                                      215-545-7676
                                      215-545-8211 (fax)

                                      Attorneys for Plaintiff,
                                      Regina Dunn

**SIDKOFF PINCUS & GREEN P.C.**

                               BY:   s/Robert A. Davitch
                                      Robert A. Davitch, Esquire
                                      Wade D. Albert, Esquire
                                      Sidkoff Pincus & Green P.C
                                      1101 Market Street Suite 2700
                                      Philadelphia, PA 19107
                                      Phone: 215 574 0600
                                      Fax: 215 574 0310

                                      Attorneys for Plaintiff,
                                      Patrice Machikas

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINA DUNN** : | **CIVIL ACTION NO. 10-1662** |
|  and : | |
| **PATRICE MACHIKAS** : | |
| **Plaintiffs** : | |
| v. : | |
| **CONDOR AUTOMOTIVE GROUP, LLC,** : | |
| et al. : | |
| **Defendants** : | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SPOLIATION INFERENCE

**I.   INTRODUCTION**

Plaintiffs, Ms. Dunn and Ms. Machikas made complaints of sex discriminatory conduct by employees of Defendants, including its highest-level officers. Within weeks, Defendants, Condor Automotive Group, LLC and Mercedes-Benz of Fort Washington, Inc., terminated their supervisor, Joseph Esposito, who supported and confirmed Ms. Dunn's and Ms. Machikas' allegations.[1] Mr. Esposito was replaced, on the same day that he was fired, by Paul MacKenzie. Within thirty (30) days of Mr. Esposito's termination, and Mr. MacKenzie commencing employment and becoming aware of Ms. Dunn's and Ms. Machikas' complaints of sex discriminatory conduct, they were also terminated. Throughout this case, Defendants have asserted that Mr. MacKenzie was the sole decision-maker regarding Ms. Dunn's and Ms. Machikas' terminations.

---

[1] Mr. Esposito has filed a separate action against the Defendants, captioned *Esposito v. Condor Automotive Group, LLC et al.*, Civil Action No. 10-02244.

(Attached hereto as Ex. "B" is Defendants' Answer to Ms. Dunn's Complaint filed with the Pennsylvania Human Relations Commission, ¶17).

On December 23, 2008, Ms. Dunn filed a complaint with the Pennsylvania Human Relations Commission ("PHRC") in which she alleged that Defendants subjected her to a sex-based hostile work environment and terminated her employment because of her sex and because she had complained of sex discrimination. Defendants were served with the same on January 19, 2009. (Attached hereto as Ex. "C").

In November 2009, approximately one (1) year after Ms. Dunn was terminated, Mr. MacKenzie prepared a three (3) page memorandum with a detailed chronology setting forth the alleged reasons for Ms. Dunn's termination. (Attached hereto as Ex. "D"). According to Mr. MacKenzie, in preparing the memorandum on his work computer (one year after Ms. Dunn's termination), he relied on notes that he had made on his computer contemporaneous with the relevant events. He saved the notes on a Word document on his work computer and also e-mailed the notes to himself at his work e-mail address. (Attached hereto as Ex. "E").

Defendants produced Mr. MacKenzie's memorandum in discovery, but they did not produce the notes on which he claimed to have relied to prepare the memorandum.[2] (Attached hereto as Ex. "E"). According to Defendants, sometime after November 2009 and well after they became aware that Plaintiffs had filed claims against them for

---

[2] On August 16, 2011, Defendants informed Plaintiffs that they had just located an electronic file containing documents related to Mr. MacKenzie. This was almost two (2) months after the close of discovery, and one (1) day after Defendants were to serve their Opposition to Ms. Dunn's Motion for Partial Summary Judgment, in which she requested that this Court preclude Defendants from asserting a legitimate, non-discriminatory reason for her termination as a sanction for their spoliation of Mr. MacKenzie's notes. Although Defendants eventually produced the file in its entirety after Plaintiffs filed a Motion to Compel regarding the same, it did not contain Mr. MacKenzie's notes on which he relied to prepare his November 2009 memorandum regarding the alleged reasons for Ms. Dunn's termination. Defendants never explained why they were unable to locate the documents related to MacKenzie during the discovery period.

2

discriminatory and retaliatory conduct, they destroyed the notes on which Mr. MacKenzie relied to prepare his memorandum regarding Ms. Dunn's termination.[3] (Attached hereto as Ex. "E"). At his deposition in this matter, Mr. MacKenzie testified in ways that were contradictory to that which he had set forth in his memorandum. (Attached hereto as Ex. "E").

### III. ARGUMENT

It is well-established that, when a company reasonable anticipates litigation, it has an affirmative duty to preserve documents that might be relevant to the claims or defenses asserted. *Kvitka v. Puffin Co., L.L.C.*, 2009 U.S. Dist. LEXIS 11214 (M.D.Pa. 2009); *Howell v. Maytag*, 168 F.R.D. 502, 505 (M.D.Pa. 1996); *Zublake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). This duty extends to electronic data made by employees likely to have relevant information, i.e., the "key players" in the case. *Zublake*, 220 F.R.D. at 217-218. Spoliation occurs when a party destroys or fails to fulfill its duty to preserve documents for another's use as evidence in pending or reasonably foreseeable litigation. *Equal Employment Opportunity Commission et al. v. Smokin' Joe's Tobacco Shop, Inc.*, 2007 U.S. Dist. LEXIS 62047 (E.D.Pa. 2007) (*citing MOSAID Techs. Inc. v. Samsung Elecs. Co.*, 348 F.Supp.2d 332, 335 (D.N.J. 2004)).

This Court has discretion as to the sanction to impose on a party for the spoliation of evidence. *Schmid v. Milwaukee Elec. Tool Corp.*, 13 F.3d 76, 78 (3d Cir. 1994); *MOSAID Techs. Inc.*, 348 F.Supp.2d at 335. A spoliation inference is among the least onerous of the sanctions that a court may impose. *MOSAID Techs. Inc.*, 348

---

[3] Defendants failed to produce the contemporaneous notes during discovery. Mr. MacKenzie testified that, within a few days of his termination from Defendants in March 2010, Defendants deleted the hard drive from his work computer on which he had saved the notes. Defendants also failed to retain Mr. MacKenzie's e-mail file after his termination.

3

F.Supp.2d at 335. The spoliation inference "allows the jury to draw an adverse inference that the destroyed evidence would have been unfavorable to the position of the offending party." *Schmid*, 13 F.3d at 81; *See also Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995) ("If a party has notice that evidence is relevant to an action, and either proceeds to destroy that evidence or allows it to be destroyed by failing to take reasonable precautions, common sense dictates that the party is more likely to have been threatened by that evidence").

The Court must analyze the following factors in considering whether to give the jury a spoliation inference: whether the relevant evidence was within the party's control; whether the party actually suppressed, withheld or destroyed the evidence; whether the destroyed evidence was relevant; and, whether it was reasonably foreseeable that the destroyed evidence would be discoverable in subsequent litigation. *Paramount Pictures Corp. v. John Davis*, 234 F.R.D. 102 (E.D.Pa. 2005) (*citing Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir. 1995); *MOSAID Techs. Inc.*, 348 F.Supp.2d 332 (D.N.J. 2004)).

Here, the computer on which Mr. MacKenzie made his contemporaneous notes was within Defendants' control at all times, as he typed, and saved, the notes on his work computer. The evidence at issue is clearly relevant, as it bears directly on Ms. Dunn's claims regarding her discriminatory and retaliatory termination. The memorandum prepared by Mr. MacKenzie, whom Defendants have asserted was the sole decision-maker regarding Ms. Dunn's termination, sets forth the various incidents regarding Ms. Dunn's employment and his decision to terminate her. Defendants destroyed Mr. MacKenzie's contemporaneous notes about Ms. Dunn's employment and

the alleged reasons for her termination on which he relied in preparing his memorandum regarding the same.  Finally, there can be no dispute that it was reasonably foreseeable to Defendants that the contemporaneous notes of the individual whom they have asserted is **the** decision-maker regarding Ms. Dunn regarding the alleged reasons for her termination would be discoverable in this litigation.  This is especially the case where Defendants produced Mr. MacKenzie's memorandum, which he prepared based on the destroyed notes.

Courts have given spoliation jury charges with similar facts as in the present case.  In *Motown Record Co., LP, et al. v. DePietro*, the court found that the spoliation inference sanction was appropriate because the defendant threw away her computer and returned the modem to her Internet provider after learning of the plaintiff's action against her.  The court noted that, given that the case involved claims of illegal downloading and distribution, examination of her computer and modem would be relevant to the plaintiffs' case, and that it was foreseeable to the defendant that the same would be discoverable. 2007 U.S. Dist. LEXIS 43271 (E.D.Pa. 2007). *See also Paramount Pictures Corp. v. John Davis*, 234 F.R.D. 102 (E.D.Pa. 2005) (The court found that a spoliation inference sanction was appropriate because the information stored on the defendant's computer was within his control, he wiped the hard drive clean after he received notice of the action, the information destroyed was relevant to the plaintiff's claims and the defendant should have known that the information on his computer would be discoverable).

## IV. CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion for Spoliation Charge, and include Plaintiffs' Proposed Jury Instruction No. 19, which is being filed on April 9, 2012 pursuant to this Court's Scheduling Order as part of Plaintiffs' Proposed Jury Instructions – Not Agreed to by Defendants as a point for charge to the jury in this matter (and which is attached hereto as Ex. "A").

Respectfully submitted,

Dated: April 9, 2012

/s/ Caren N. Gurmankin
Laura C. Mattiacci, Esquire
Caren N. Gurmankin, Esquire
Attorneys for Plaintiff,
Regina Dunn

/s/ Robert A. Davitch
Robert A. Davitch, Esquire
Wade D. Albert, Esquire
Attorneys for Plaintiff,
Patrice Machikas